United States District Court
Southern District of Texas
**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUSHIDOPRO, C.A., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-4249 |
| § | |
| NIPPON PILLAR CORPORATION OF § | |
| AMERICA, INC, § | |
| § | |
| Defendant. § | |

## **ORDER**

Pending before the Court is the Defendant Nippon Pillar Corporation of America, Inc.'s ("NPCA") Motion to Strike Pleadings of and for Entry of Default Against the Third-Party Defendant Total Cranes Equipment & Parts Corp. ("Total Cranes") (Doc. No. 54). No response has been filed. Previously, the Court inadvertently stated in a prior unrelated order that it had ruled on this motion. (*See* Doc. No. 59). That order did not actually rule on the Motion to Strike Pleadings, and the Court does so now by denying it.

### I.      Background

The Court has previously given a factual background of this case in its order denying summary judgment. (*See* Doc. No. 59). The only additional background needed is that underlying the current motion. NPCA interpled Total Cranes into this action by filing what it titled a "Cross-Complaint" against Total Cranes. (*See* Doc. No. 19-1). NPCA claims that, if it owes money to the plaintiff Bushidopro for one of the alleged purchases, Total Cranes still needed to pay NPCA for the purchase. Total Cranes answered the third-party complaint (Doc. No. 27) and designated experts (Doc. No. 35). Thereafter, its counsel moved to withdraw (Doc. No. 37) and the Court granted the motion (Doc. No. 38). Total Cranes is a corporation and cannot represent itself pro se

and according to the Court's docket, it has not secured new representation. NPCA's attorney filed with the Court a letter it sent to Total Cranes informing its general manager that, because Total Cranes is a corporation, it is not permitted to represent itself in court and needed to retain new representation. (Doc. No. 53). NPCA's attorney has not received a response to this letter (*see* Doc. No. 54 at 3) and Total Cranes has made no filings with the Court since its counsel moved to withdraw in December of 2020.

## II.  Analysis

NPCA is correct that a corporation cannot represent itself in court. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("[A] corporation cannot appear in federal court unless represented by a licensed attorney."). Nevertheless, Total Cranes has not attempted to make any pro se filings with this Court. Total Cranes answered the third-party complaint through its counsel at the time. (*See* Doc. No. 27). The requested extreme measure of striking Total Cranes' pleadings and entering a default against it is not warranted. If NPCA wants a judgment in its favor against Total Cranes, the correct vehicle to ask for such relief is a motion for summary judgment, and the Court grants it leave to file such a motion if it does so by close of business on April 5, 2021.

## III.  Conclusion

For the foregoing reasons, the motion (Doc. No. 54) is denied.

Signed at Houston, Texas, this 31st day of March, 2021.

Andrew S. Hanen
United States District Judge