United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUSHIDOPRO, C.A., § § VS § CIVIL ACTION NO. 4:19-4249 § NIPPON PILLAR CORPORATION § OF AMERICA § § | |

---

| | |
|---|---|
| NIPPON PILLAR CORPORATION § OF AMERICA, § Cross Claimant § § VS § § TOTAL CRANES EQUIPMENT & § PARTS CORP. § Cross Defendant § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The parties came before the Court on January 24, 2022 for a bench trial on the Third-Party Complaint filed by Nippon Pillar Corporation of America ("NPCA") against Total Cranes Equipment & Parts, Corp. ("Total Cranes"). (Doc. No. 19-1). While Total Cranes did not actively participate in the trial, its representative was present (proving that it had notice). He was given an opportunity to participate. Instead, the representative stated that he was there as an observer. At the end of the trial, he asked for and received the Court's permission to make a statement on the record, which he did. After hearing the evidence and testimony of the witness at trial, considering the pleadings, the briefs, the exhibits (Exhibits Nos. 1-20 were admitted), Court makes the following findings of fact and conclusions of law under Rules 52(a), Federal Rules of Civil Procedure:

## Findings of Fact

1. NPCA is a Delaware corporation, duly qualified to conduct business in the state of Texas.

2. NPCA manufactures, sells and distributes mechanical seals and gaskets.

3. Total Cranes is a Florida corporation which specializes in materials handling equipment.

4. This Court has original jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367 because the claims are so related to the claims set forth in the First Amended Complaint filed by Bushidopro C.A. that the claims in this case form part of the same case or controversy.

5. This Court also has original jurisdiction over this third-party action pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. On or about September 10, 2018, NPCA issued its written quotation to Total Cranes for custom-made mechanical seals and related parts with a total purchase price of $1,050,687.04.

7. On or about September 12, 2018, Total Cranes issued Purchase Order 442 to NPCA in which Total Cranes agreed to purchase all of the goods set forth therein for the total sum of $1,050,687.04.

8. Total Cranes agreed to pay thirty percent (30%) of the purchase price, or $315,206.11, in advance prior to NPCA manufacturing the goods, and the remaining seventy percent (70%) balance of $735,480.93 when the goods were delivered.

9. The deliver term was FOB Houston, Texas, which NPCA understood as the place of destination.

10. Total Cranes made the advance payment of $315,206.11.

11. NPCA manufactured all of the custom goods set forth in PO 442.

12. NPCA notified Total Cranes that the custom goods set forth in PO 442 had been manufactured and were delivered to Houston, Texas.

13. On December 17, 2018, NPCA formally invoiced Total Cranes for a portion of the 70% balance due of $470,981.06 on the goods delivered to Houston, Texas as set forth in Purchase Order 442.

14. On January 14, 2019, NPCA formally invoiced Total Cranes for a portion of the 70% balance due of $155,393.06 on the goods delivered to Houston, Texas from December 18, 2018 to January 14, 2019 as set forth in Purchase Order 442.

15. On February 11, 2019, NPCA formally invoiced Total Cranes for a portion of the 70% balance due of $109,106.81 on the goods delivered to Houston, Texas from January 15, 2019 to February 11, 2019 as set forth in Purchase Order 442.

16. Total Cranes advised NPCA that it was unable to pay the balance due on any of the invoices received from NPCA.

17. Total Cranes agreed that NPCA would store the goods with NNR Global Logistics USA Inc. ("NNR") until the balance was paid in full.

18. On or bout February 11, 2019, NPCA sent the goods set forth in PO 442 to NNR where they remained until NPCA picked up and stored them in its internal warehouse on or about September 9, 2019.

19. NPCA has incurred incidental damages in the sum of $29,950.58 for the personal property taxes and storage fees for goods set forth in PO 442.

20. NPCA filed the subject Third-Party Complaint on June 12, 2020.

21. Prejudgment interest began to accrue on June 15, 2019, 180 days from December 17, 2018, and continued to January 24, 2022, the day of trial.

22. There are 954 days during the interest period.

23. Prejudgment interest accrues at 5% per annum ($100.75 per day).

24. The total prejudgment interest is $96,115.50.

25. NPCA incurred reasonable attorneys fees directly related to the prosecution of the subject third-party complaint against Total Cranes.

## Conclusions of Law

1. NPCA, as seller, and Total Cranes, as buyer, entered into a binding agreement for the purchase and sale of mechanical seals as evidenced by PO 442.

2. NPCA has fully performed all of its obligations and duties as set forth in PO 442, except those it was prevented or excused from performing.

3. Total Cranes failed and refused to pay the balance owed on PO 442, hereby entitling NPCA to recover damages of $735,480.93 under Texas Uniform Commercial Code,

Sections 2.703 and 7.709.

4. Total Cranes caused incidental damages related to personal property taxes and storage fees for the goods set forth in PO 442, thereby entitling NPCA to recover said damages under Texas Uniform Commercial Code, Section 2.710.

5. Total Cranes is liable under the doctrine of *quantum meruit* for services rendered and/or materials furnished by NPCA as indicated in PO 442.

6. NPCA is entitled to recover reasonable attorney fees under Texas Civil Practice and Remedies Code, Section 38.001.

7. NPCA is entitled to recover prejudgment interest under Texas common law.

SIGNED at Houston, Texas, this 24th day of January, 2022.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE